**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-6745**

───────────

TYRESE D. HYLES,

        Petitioner - Appellant,

    v.

MR. STREEVAL, Warden,

        Respondent - Appellee.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:21-cv-00128-MFU-JCH)

───────────

Submitted:  March 29, 2022                          Decided:  April 21, 2022

───────────

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and SHEDD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Tyrese D. Hyles, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrese D. Hyles, a federal prisoner, appeals the district court's order dismissing without prejudice his 28 U.S.C. § 2241 petition in which he sought to challenge his convictions and sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction or sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added).

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

We have reviewed the record and find that Hyles' claims meet neither the *Wheeler* test nor the *Jones* test. Accordingly, we affirm for the reasons stated by the district court. *Hyles v. Streeval*, No. 7:21-cv-00128-MFU-JCH (W.D. Va. Apr. 30, 2021). We deny Hyles' motion for bail or release pending appeal and dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*